(C.D. 2780)

M. Pressner & Co. et al. *v.* United States

United States Customs Court, Second Division

(Decided October 6, 1966)

*Siegel, Mandell & Davidson* for the plaintiffs.
J. *William Doolittle,* Acting Assistant Attorney General, for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: The merchandise involved in the protests listed in schedule "A," annexed to and made a part of the decision herein, consists of certain battery-operated lanterns, which were classified by the collector of customs as household utensils, not specially provided for, composed wholly or in chief value of base metal, within

the purview of paragraph 339 of the Tariff Act of 1930, as modified by prevailing trade agreement, and assessed with duty at the rate of 20, 19, 18, or 17 per centum ad valorem, depending upon the dates of entry or withdrawal from warehouse.

It is the contention of plaintiffs herein that said merchandise is properly classifiable as articles having as an essential feature an electrical element or device in paragraph 353 of said act, as modified by the Torquay Protocol to the General Agreement or Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, and dutiable at the rate of 13¾ per centum ad valorem.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties hereto to the effect that the merchandise, assessed as above and represented by the invoice items marked "A" and initialed JB by Examiner J. Bistreich, consists of battery-operated lanterns which contain as an essential feature an electrical element or device. It was further stipulated and agreed that said merchandise is not an illuminating or lighting fixture or lamp nor does it contain any electrical heating elements as constituent parts thereof.

Upon the agree facts, we hold the merchandise represented by the invoice items, marked and initialed as aforesaid, to be articles having as an essential feature an electrical element or device within paragraph 353 of said act, as modified by the Torquay protocol, *supra*, and dutiable at the rate of 13¾ per centum ad valorem. To the extent indicated, the claim in these protests is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.